# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3857

_____

| | | |
|---|---|---|
| Willard Edward More, III, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Northern |
| v. | * | District of Iowa. |
| | * | |
| Child Support Recovery, | * | **[UNPUBLISHED]** |
| | * | |
| Appellee. | * | |

_____

Submitted: June 22, 2010
Filed: July 6, 2010

_____

Before LOKEN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Willard More appeals the district court's[1] dismissal of his complaint alleging that a 1982 state court order improperly established his paternity and ordered child support payments and seeking DNA testing and a hearing to disprove paternity and the recovery of child support previously paid. The district court concluded that More's complaint was barred by the Rooker-Feldman[2] doctrine. Reviewing that

_____

[1]The HONORABLE LINDA R. READE, Chief Judge of the United States District Court for the Northern District of Iowa.

[2]D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923).

determination de novo, we agree. <u>See</u> <u>Riehm v. Engelking</u>, 538 F.3d 952, 964 (8th Cir. 2008) (standard of review). The <u>Rooker</u>-<u>Feldman</u> doctrine "applies to cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting review and rejection of those judgments." <u>Exxon Mobil Corp. v. Saudi Basic Ind. Corp.</u>, 544 U.S. 280, 284, 287 (2005). The doctrine precludes federal claims that would succeed "only to the extent that the state court wrongly decided the issues before it." <u>Johnson v. City of Shorewood, Minn.</u>, 360 F.3d 810, 818 (8th Cir. 2004) (quotation omitted); <u>see</u> <u>Ballinger v. Culotta</u>, 322 F.3d 546, 548-49 (8th Cir. 2003) (barring federal review of state court custody determination).

In dismissing the action, the district court observed that "the plaintiff's recourse, if any, is through either the appeals courts, which include the appellate courts of Iowa and the United States Supreme Court, or a new action commenced in the Iowa District Court for Linn County." As this acknowledged that a collateral attack on the 1982 order may not be precluded as a matter of state law, we clarify that the complaint is dismissed without prejudice. <u>Cf.</u> <u>Fielder v. Credit Acceptance Corp.</u>, 188 F.3d 1031, 1036 n.3 (8th Cir. 2004). As clarified, the judgment of the district court is affirmed. <u>See</u> 8th Cir. R. 47B.

_____